IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv248-D |
| | ) | WO |
| JAMES HAWKINS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Petition for a Writ of Habeas Corpus Pursuant to the 'Savings Clause' of Title 28, United States Code, Section 2255*" (Doc. 1), filed by federal inmate James Hawkins ("Hawkins") on February 21, 2005.[1] By his motion, Hawkins challenges the sentence of imprisonment imposed upon him by this court in 1992 for conspiracy to distribute cocaine and distribution of cocaine. Upon review of Hawkins's motion, it is clear that he is entitled to no relief from this court.

In his motion, Hawkins claims that his sentence violates the Supreme Court's recent holding in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005). His claim attacks the fundamental validity of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction or sentence, unless "the remedy by [such]

---

[1] Although the motion is date stamped "received" on March 16, 2005, the motion was signed by Hawkins on February 21, 2005. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Hawkins's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court assumes that February 21, 2005, should be considered the date of filing for Hawkins's motion.

motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).  The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[2] *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

This is the second § 2255 motion filed by Hawkins attacking his convictions and sentence.  The claims presented in Hawkins's initial § 2255 motion, filed on April 24, 1997 (*see United States v. Hawkins*, CR. NO. 2:92cr163 - Doc. 526), were decided adversely to Hawkins.  *United States v. Hawkins*, CR. NO. 2:92cr163 - Doc. 540 - *May 17, 2000, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of June 8, 2000 - Doc. 544).  The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).

---

[2]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Hawkins has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Hawkins's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Hawkins on February 21, 2005, be denied and this case dismissed, as Hawkins has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this

---

[3] Hawkins argues that *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), should be applied retroactively to his case. However, the Eleventh Circuit Court of Appeals has held that *Booker* is not retroactively applicable to cases pending on collateral review. *See In re Anderson*, 396 F.3d 1336 (11th Cir. Jan. 21, 2005). Thus, aside from the statutory bar on which this Recommendation is based, Hawkins's likelihood of success on his substantive claim is nil.

court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 16, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 3rd day of May, 2005.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE